**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

ARTHUR D'AMARIO, III,            :
                                          Civil Action No. 07-1313 (RBK)
          Petitioner,    :

          v.            :        **OPINION**

USA,                    :

          Respondent.   :


**APPEARANCES**:

Petitioner pro se                Counsel for Respondent
Arthur D'Amario, III             Ronald Chillemi
F.C.I. Englewood                 Assistant U.S. Attorney
9595 W. Quincy Ave.              401 Market Street
Littleton, CO 80123              4th Floor
                                 Camden, NJ 08101

**KUGLER**, District Judge

　　Petitioner Arthur D'Amario, III, a prisoner currently confined at the Federal Correctional Institution at Englewood, in Littleton, Colorado, has submitted a petition for a writ of error coram nobis, pursuant to 28 U.S.C. § 1651.  The sole respondent is the United States of America.

I.   BACKGROUND

　　On December 21, 1999, pursuant to a jury verdict, Petitioner was found guilty in the U.S. District Court for the District of Rhode Island of being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).  See United States v.

D'Amario, 99-cr-0024 (D.N.H.).  On March 10, 2000, that Court sentenced Petitioner to a term of imprisonment of 18 months, to be followed by a three-year term of supervised release.

On December 4, 2001, pursuant to a jury verdict, Petitioner was found guilty in this Court of threatening to assault and murder a federal judge, in violation of 18 U.S.C. § 115(a)(1)(B). See United States v. D'Amario, 01-cr-0346 (D.N.J.).  On April 22, 2004, following a remand, Judge Joseph E. Irenas of this Court sentenced Petitioner to a term of 30 months imprisonment, to be followed by a three-year term of supervised release.[1]

In the interim, on both April 29, 2003, and November 12, 2004, Petitioner was released from federal custody, and placed under the supervision of a United States Probation Officer to serve concurrent terms of supervised release under both the Rhode Island and New Jersey sentences.  Pursuant to an Order of this Court, entered April 30, 2003, this Court ruled that the District of Rhode Island was the appropriate jurisdiction to handle matters relating to Petitioner's concurrent terms of supervised release.  See United States v. D'Amario, 01-cr-0346 (D.N.J.); D'Amario v. United States, 05-cv-4474 (D.N.J.) (Order Dismissing Motion to Vacate, Docket Entry No. 2).  On both occasions,

---

[1] Petitioner has filed at least one Motion to vacate, set aside, or correct the sentence in this matter that was decided against him on the merits.  See D'Amario v. United States, 403 F.Supp.2d 361, 04-cv-2221 (D.N.J. 2005) (asserting multiple grounds for relief, including ineffective assistance of counsel).

Petitioner violated the conditions of his supervised release and was sentenced to periods of imprisonment to be followed by new periods of supervised release.  Most recently, on June 8, 2005, upon determination that Petitioner had violated the terms of his supervised release, Petitioner was sentenced to a 12-month term of imprisonment, to be followed by a 13-month term of supervised release, to run concurrently in both criminal matters.  See United States v. D'Amario, 99-cr-0024 (D.N.H.).

On February 9, 2006, while Petitioner was confined pursuant to the sentence for violation of the terms of supervised release, a Criminal Complaint was filed in this Court charging Petitioner with again violating 18 U.S.C. § 115.  See United States v. D'Amario, 06-cr-0112 (D.N.J.).  Petitioner was released from his term of imprisonment one day later, on February 10, 2006.  Petitioner was immediately transferred by the Bureau of Prisons to the custody of the United States Marshals to await trial in Criminal Action No. 06-0112 (D.N.J.).  Petitioner was subsequently convicted in that matter and is presently confined pursuant to that conviction.  Petitioner has not yet served the 13-month term of supervised release pending pursuant to his sentence for violating his prior concurrent terms of supervised release in Criminal Actions Nos. 99-0024 (D.N.H.) and 01-0346 (D.N.J.).

Petitioner has filed in this Court the pending Petition for Writ of Error Coram Nobis, challenging his conviction in <u>United States v. D'Amario</u>, Criminal Action No. 01-0346 (D.N.J.). Petitioner asserts numerous grounds for relief, including errors in the jury instructions, ineffective assistance of counsel, evidentiary errors, and bias on the part of the trial judge and other court personnel. Respondent asserts that Petitioner is not entitled to relief because he is still "in custody" under the challenged conviction and because the grounds alleged do not entitle one to a writ of error coram nobis. In reply, Petitioner asserts that he is no longer in custody under the challenged conviction and that, if he is in custody, this Court should address his claims under either 28 U.S.C. § 2241 or § 2255.[2]

## II.  ANALYSIS

The writ of error coram nobis is a step in a criminal case. <u>United States v. Morgan</u>, 346 U.S. 502, 505 n.4 (1953). It is used to attack allegedly invalid convictions when the petitioner is no longer in custody for purposes of 28 U.S.C. § 2255 but is suffering continuing consequences of the conviction. <u>United States v. Baptiste</u>, 223 F.3d 188, 189 (3d Cir. 2000). Thus, it is properly brought before the Court that imposed the challenged criminal judgment. See <u>Hauptmann v. Wilentz</u>, 570 F.Supp. 351,

---

[2] Petitioner has also submitted a Motion [6] for leave to conduct discovery, regarding his sentence calculation, and a Motion [11] for Partial Summary Judgment.

401 (D.N.J. 1983), aff'd, 770 F.2d 1070 (3d Cir. 1985), cert. denied, 474 U.S. 1103 (1986).

The writ of error coram nobis allows a court to vacate its judgments "for errors of fact ... in those cases where the errors [are] of the most fundamental character, that is, such as rendered the proceeding itself invalid." United States v. Mayer, 235 U.S. 55, 69 (1914).  It is an extraordinary remedy and a court's ability to grant relief is of correspondingly limited scope.  United States v. Baptiste, 223 F.3d at 189; United States v. Stoneman, 870 F.2d 102, 106 (3d Cir.), cert. denied, 493 U.S. 891 (1989).  Indeed, the standard for issuance of the writ of error coram nobis is more stringent than the standard applicable to a direct appeal or a habeas petition brought pursuant to 28 U.S.C. § 2255.  Stoneman, 870 F.2d at 106.  Earlier proceedings are presumed to be correct and the petitioner bears the burden to show otherwise.  Stoneman, 870 F.2d at 106; United States v. Osser, 864 F.2d 1056, 1059 (3d Cir. 1988); United States v. Cariola, 323 F.2d 180, 184 (3d Cir. 1963).  The Supreme Court has held that this remedy should be allowed "only under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 501, 511 (1954).  Indeed, in light of the many avenues available in federal criminal practice to challenge alleged trial errors or irregularities, the Supreme Court has held that "it is difficult to conceive of a situation in a

federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996) (citation omitted).

In summary, to demonstrate entitlement to issuance of the writ, a petitioner must establish (1) continuing consequences of the conviction, (2) a fundamental error rendering the trial itself invalid, and (3) sound reasons for failing to seek relief earlier.

> Coram nobis relief is available only to a petitioner who is not in "custody." United States v. Stoneman, 870 F.2d 102 (3d Cir. 1989). A defendant serving a term of supervised release remains in "custody" and cannot obtain relief through a writ of error coram nobis. United States v. Sandles, 469 F.3d 508, 517 (6th Cir. 2006).

Ajao v. United States, 2007 WL 4219466 (3d Cir. Nov. 30, 2007). See also United States v. White, 141 Fed.Appx. 653, 2005 WL 1939892 (9th Cir. 2005) (where petitioner has completed term of incarceration under challenged conviction, and is presently confined pursuant to another conviction, but has not yet begun serving term of supervised release under challenged conviction, he remains "in custody" under the challenged conviction and may not obtain coram nobis relief).

Here, although presently confined on another conviction, Petitioner remains subject to an unexpired term of supervised release pursuant to the challenged conviction in Criminal Action 01-0346 (D.N.J.). Accordingly, he may not proceed to challenge

6

the conviction through a petition for writ of error coram nobis.[3] Thus, the Petition must be dismissed.[4]

Petitioner's alternate theory that this Court should reach the merits of the Petition pursuant to 28 U.S.C. § 2241 or § 2255 is unavailing.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the

---

[3] Petitioner contends that his February 10, 2006, release date was miscalculated and that if the release date were correctly calculated he would already have served his full term of supervised release. The Supreme Court has rejected the notion that the calculation of a term of supervised release can be adjusted based upon an error in the release date from a term of imprisonment. To the contrary, a term of supervised release does not commence until release from imprisonment, even where a prisoner has served excess time in prison. United States v. Johnson, 529 U.S. 53 (2000). Accordingly, the accuracy of the February 10, 2006, release date is not relevant to the question whether Petitioner remains in custody pursuant to an unexpired term of supervised release.

The issue of the accuracy of the February 10, 2006, release date is among the subjects of Petitioner's Motion [6] for Leave to Conduct Discovery. This requested discovery is not relevant to the disposition of this Petition.

[4] Because the Petition is dismissible for failure to meet the "no longer in custody" requirement, the requested discovery on the merits of Petitioner's claims is not relevant to the disposition of this matter. In the alternative, to the extent it could be established that Petitioner is no longer in custody under the sentence imposed in Criminal Action No. 01-0346 (D.N.J.), the errors alleged are not of the type amenable to coram nobis relief. See, e.g., Carlisle v. United States, 517 U.S. 416 (1996). Thus, again, the remaining issues raised in Petitioner's Motion for Leave to Conduct Discovery are not relevant to the disposition of this Petition.

legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.  In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, a case involving a Bailey claim, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously

had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

    Here, Petitioner does not allege that he is being confined for conduct that is not criminal, the Dorsainvil exception. Instead, Petitioner asserts the type of grounds for relief which are, in fact, challenges to the conviction which must be brought pursuant to § 2255. Petitioner has failed to demonstrate that the alleged errors amount to the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. Thus, this Petition may only be considered a second or successive motion under § 2255, which Petitioner has not received

9

authorization to file, and over which this Court lacks jurisdiction.[5]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

If a "second or successive" habeas petition is filed in the district court without authorization from the appropriate court of appeals, the district court may dismiss for lack of jurisdiction or transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631.  See Padilla v. Miner, 150 Fed.Appx. 116 (3d Cir. 2005); Littles v. United States, 142

---

[5] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case has already filed a § 2255 motion which was addressed by the sentencing Court, and because the current Petition is itself "second or successive," no purpose would be served by a Miller notice.  See United States v. Chew, 284 F.3d 468, 471 (3d Cir. 2002).

Again, because this Court lacks jurisdiction over this Petition under either § 2241 or § 2255, the requested discovery is not relevant to disposition of the Petition.

10

Fed.Appx. 103, 104 n.1, 2005 WL 1798272 (3d Cir. 2005) (citing Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)).  However, because § 2244(b) is effectively "'an allocation of subject-matter jurisdiction to the court of appeals,'" Robinson v. Johnson, 313 F.3d at 140 (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)), a district court may dismiss such a petition only without prejudice.  See Ray v. Eyster, 132 F.3d 152, 155-56 (3d Cir. 1997).

Accordingly, this Court must determine whether transfer of this Petition to the Court of Appeals, for consideration as an application for leave to file a "second or successive" petition, would be in the interest of justice.

Under 28 U.S.C. §§ 2244 and 2255, the Court of Appeals may authorize the filing of a second or successive § 2255 motion only if it contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255.

Petitioner does not allege any new rule of constitutional law as a grounds for relief.  The only alleged newly-discovered

11

evidence include (1) the discovery, in early 2007, that Petitioner is "probably suffering from postconcussion syndrome resulting from a 1957 head injury," which is the "likely" explanation for headaches he suffered in 2000 and that testing "would validate this theory and produce evidence that at the time of the offense, he did not have the capacity to make informed, intelligent, voluntary decisions and he had impaired judgment," and (2) that Judge Irenas had conflicts of interest including fear of people with guns, including Petitioner, and he had misapplied jail credit in another matter involving Petitioner.

These vague, hypothetical, and conclusory allegations are not sufficient to convince this Court that it would be in the interest of justice to transfer this matter to the Court of Appeals as a motion for leave to file a second or successive § 2255 motion. In addition, the Court of Appeals has previously denied Petitioner leave to file a second or successive § 2255 motion challenging this conviction. See In re D'Amario, C.A. No. 06-3602 (3d Cir. Oct. 13, 2006).

### III.   CERTIFICATE OF APPEALABILITY

No certificate of appealability is necessary to appeal from the dismissal of a petition for writ of error coram nobis. See Ajao v. United States, 2007 WL 4219466, n.1 (3d Cir. 2007); United States v. Baptiste, 223 F.3d 188, 189 n.1 (3d Cir. 2000).

To the extent this Petition can be construed as a motion pursuant to 28 U.S.C. § 2255, Petitioner is not entitled to a certificate of appealability.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court's rulings herein are correct.  Petitioner has failed

13

to make a substantial showing of the denial of a constitutional right.

## IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  All pending motions will be denied as moot.  No certificate of appealability shall issue.  An appropriate order follows.


                                        S/Robert B. Kugler
                                        Robert B. Kugler
                                        United States District Judge

Dated: March 24, 2008